```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA                   :
                                           :
        -against-                          :         REPORT &
                                           :         RECOMMENDATION
AKRAM SHARIPOV,                            :         19-CR-282 (AMD) (SMG)
                                           :
                        Defendant.         :
----------------------------------------------------------x
```

GOLD, STEVEN M., U.S.M.J.:

## INTRODUCTION

Currently pending before the Court is a motion by the United States seeking to preclude defendant Akram Sharipov from retaining Igor Niman as his attorney. Ltr. Mot., Dkt. 37. The Government's motion has been filed under seal. For the reasons stated below and in a sealed supplement to this Report, I respectfully recommend that the government's motion be granted.

## FACTS AND PROCEDURAL HISTORY

On April 25, 2019, defendant Akram Sharipov was charged in a complaint with participating in the use of extortionate means to collect extensions of credit in violation of 18 U.S.C. § 894. Complaint, Dkt. 1.[1] The complaint charged two additional defendants, Zarif Fayziev and Davlat Gulomov, as well. *Id.*

On April 25, 2019, retained counsel Igor Niman appeared on behalf of Fayziev. Dkt. 9 in 19-MJ-395. On April 29, 2019, retained counsel Farrukh Nuridinov appeared on behalf of defendant Sharipov. Dkt. 14.

Defendant Sharipov was indicted on June 20, 2019 and charged with conspiring to use, and participating in the use of, extortionate means to collect extensions of credit. Dkt. 27. On

---

[1] "Dkt." Refers to docket entries in 19-CR-282 (AMD) unless otherwise specified.

June 24, 2019, the United States moved to dismiss the charges in the complaint against Fayziev and Gulomov without prejudice. Dkt. 28, 29 in 19-MJ-395.

On January 17, 2020, Mr. Nuridinov moved for leave to withdraw as counsel for defendant Sharipov. Dkt. 35. In support of his motion, Mr. Nuridinov asserted that his relationship with Sharipov had broken down and that Sharipov had retained Mr. Niman to be his attorney. Attorney Affirmation, Dkt, 35-1, ¶¶ 5-7. United States District Judge Ann Donnelly referred Mr. Nuridinov's motion to me. Order dated January 21, 2020.

I held a hearing on defendant's motion on January 24, 2020. Transcript of Proceedings ("Tr."), Dkt. 43. At that hearing, the government stated that it intended to file a motion to disqualify Mr. Niman from representing Sharipov because of Mr. Niman's previous representation of Fayziev. Tr. 2:1-10. The government further stated that it would submit a letter, under seal, setting forth the reasons why it contends that Mr. Niman's representation of Fayziev warrants precluding him from representing Sharipov. Tr. 7:1-5.

Mr. Nuridonov was then asked whether he could continue to represent defendant Sharipov until the issues raised by the government with respect to Mr. Niman were resolved. Mr. Nuridinov responded that he could not, because he no longer had a productive working relationship with Sharipov. Tr. 8:7-13.

Mr. Niman addressed the Court during the hearing. Mr. Niman acknowledged that his prior representation of Mr. Fayziev was ongoing, at least to the extent that he anticipated that he would defend Fayziev against any new charges that might be brought against him. Tr. 9:16-10:2; 11:19-13:7. Mr. Niman implicitly suggested that he would not be seeking to represent Sharipov if he knew the government intended to bring charges against Fayziev. Tr. 9:22-10:5.

In light of the circumstances presented at the hearing, and so that Mr. Sharipov could be advised by a lawyer not burdened by any conflict, I appointed Mark DeMarco, a member of the Court's Criminal Justice Act panel, to represent Mr. Sharipov in connection with the government's anticipated motion and until the question of whether Mr. Niman might represent Sharipov was resolved.  Tr. 13:15-14:13.

I held a further conference on February 7, 2020.  Dkt. 41.  Mr. DeMarco reported that he had not filed any opposition to the motion submitted by the government on January 27, 2020 and did not plan to do so.  Defendant Sharipov, though, stated that he still sought to retain Mr. Niman to defend him.

## DISCUSSION

All criminal defendants "enjoy the right . . . to have the Assistance of Counsel for [their] defence."  U.S. CONST. amend. VI.  The Sixth Amendment right to counsel encompasses the right to be represented by an attorney of one's choice, and a defendant's choice of counsel accordingly "should not be unnecessarily obstructed by the court."  *United States v. Perez*, 325 F.3d 115, 124-125 (2d Cir. 2003) (internal quotations and citations omitted).

Nevertheless, "[t]he Sixth Amendment right to choose one's own counsel is circumscribed in several important respects."  *Wheat v. United States*, 486 U.S. 153, 159 (1988).  Thus, when one attorney seeks to represent two or more defendants in the same case, "the provision of waivers by all affected defendants [does not necessarily] cure[] any problems created by the multiple representation."  *Id.* at 160.  Rather, "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  *Id.*  A motion for disqualification, like the one brought by the government here, "implicates not only the accused's

3

right to counsel, but also the interests of the judiciary in preserving the integrity of its processes, and the government's interest in ensuring a fair trial and a just verdict." *United States v. Jones*, 381 F.3d 114, 119 (2d Cir. 2004). These concerns are so vital that district courts are afforded "substantial latitude in refusing waivers of conflict of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Wheat*, 486 U.S. at 163.

Once aware that there is even the possibility of a conflict of interest, a court is obliged to investigate the facts and determine whether there is an actual conflict, a potential conflict, or no conflict at all. *United States v. Vertuccio*, 2017 WL 6513676, at *2 (E.D.N.Y. Dec. 16, 2017) (citing *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994)). An actual conflict exists when the interests of the attorney and defendant diverge with respect to a material issue of fact or law or to a course of action. *Jones*, 381 F.3d at 119. A potential conflict arises when the interests of a defendant could impose inconsistent duties on an attorney in the future. *Id.*

The government's motion in this case is based upon Mr. Niman's having previously represented Zarif Fayziev, a co-defendant charged in the same complaint as Sharipov. Although that complaint was subsequently dismissed, and although Sharipov has been indicted and Fayziev has not, the government represents that its investigation is continuing, and that Fayziev may be charged in the future. Ltr. Mot. at 1. Mr. Niman has acknowledged that he would seek to represent Fayziev in the event of new charges and has at least suggested that he would not be seeking to represent Sharipov if he knew that charges would in fact be brought against Fayziev.

4

The Supreme Court has cautioned that "multiple representation of criminal defendants engenders special dangers of which a court must be aware." *Wheat*, 486 U.S. at 159. Nevertheless, conflicts arising when two or more defendants seek to be represented by a single attorney may be waived and do not necessarily warrant disqualification. *See, e.g., United States v. Fulton*, 5 F.3d 605, 613 (2d Cir. 1993).[2]

While conflicts arising from joint representation may generally be subject to knowing and intelligent waiver, there are some circumstances that may lead a court to reject a waiver even of those limited conflicts that arise from joint representation. *Vertuccio*, 2017 WL 6513676, at *3. Indeed, a court has a responsibility to reject waivers when necessary to ensure that criminal trials are conducted according to ethical standards, that defendants receive the effective assistance of counsel, and that trials over which the court presides are, and appear to be, fair. *Jones*, 381 F.3d at 119.

The specific circumstances of this case lead this Court to recommend that Mr. Niman be disqualified from representing defendant Sharipov. Those circumstances are set forth in a separate sealed supplement to this Report.

## CONCLUSION

For the reasons stated above and in the separate sealed supplement filed today, I respectfully recommend that the government's motion to disqualify Mr. Niman from representing defendant Sharipov be granted.

Any objections to the recommendations made in this Report must be submitted within fourteen days after filing of the Report and, in any event, no later than February 28, 2020. *See*

---

[2] Disqualification is required when an attorney faces criminal liability arising out of the same conduct with which the defendant is charged, and where the attorney's financial interests diverge from those of the defendant. *Perez*, 325 F.3d at 126; *Vertuccio*, 2017 WL 6513676, at *2. Neither circumstance is present here.

5

28 U.S.C. § 636(b)(1); Fed. R. Civ. Proc. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

                                                Respectfully submitted,

                                                STEVEN M. GOLD
                                                United States Magistrate Judge

Dated:  Brooklyn, New York
          February 14, 2020

U:\US v Sharipov 19CR282 FINAL.docx