UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    **UNITED STATES OF AMERICA,**

                           Plaintiff,

              **- against -**

    **AKRAM SHARIPOV,**

                           Defendant.
------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

19-CR-282 (AMD) (SMG)

**ANN M. DONNELLY,** United States District Judge:

On April 25, 2019, the defendant was charged with participating in the use of extortionate means to collect extensions of credit in violation of 18 U.S.C. § 894. (ECF No. 1.) The complaint charged two additional defendants, Zarif Fayziev and Davlat Gulomov. (*Id.*)

The defendant was indicted on those charges on June 20, 2019 (ECF No. 27), but the government dismissed the charges against Fayziev and Gulomov without prejudice. (*See* 19-MJ-395, ECF Nos. 28, 29.) At his arraignment on June 27, 2020, the defendant was represented by retained counsel, Farrukh Nuridinov. (*See* ECF No. 30.)

On January 17, 2020, Mr. Nuridinov moved for leave to withdraw as counsel, citing a breakdown in his relationship with the defendant. (ECF No. 35; ECF No. 35-1 ¶ 5.) In his affidavit of support, Mr. Nuridinov asserted that the defendant had retained Igor Niman—who had previously filed a notice of appearance on behalf former co-defendant Fayziev (19-MJ-395, ECF No. 9)—to represent him in this action. (ECF No. 35-1 ¶¶ 6-7.) By order dated January 21, 2020, I referred the motion to Magistrate Judge Steven M. Gold.

At a January 24, 2020 hearing, the government advised Judge Gold that it intended to move to disqualify Mr. Niman because of his ongoing representation of Mr. Fayziev. (ECF No.

43 at 4:6-10.) Mr. Niman acknowledged that he would be obligated to represent his original client and could not represent the defendant if the government brought new charges against Mr. Fayziev. (*Id*. at 11:4-15, 12:18-13:7.) Judge Gold granted Mr. Nuridinov's motion to withdraw, and appointed CJA counsel Mark DeMarco to represent the defendant until the Court resolved the government's motion to disqualify Mr. Niman. (*Id*. at 18:8-15; ECF No. 38.)

On January 27, 2020, the government filed its sealed motion to disqualify Mr. Niman from representing the defendant. (ECF No. 37.) The defendant did not file an opposition brief.

On February 14, 2020, Judge Gold issued a report and recommendation in which he recommended that Mr. Niman be disqualified from representing the defendant; Judge Gold outlined the specific reasons for his recommendation in a sealed supplement to the report and recommendation. (ECF Nos. 44, 45.) The defendant did not file an objection to Judge Gold's recommendation.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund, L.P.,* 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted).

I have reviewed Judge Gold's well-reasoned report and recommendation and find no error. Accordingly, I adopt the report and recommendation. The government's motion to disqualify Igor Niman as counsel for the defendant is granted.

**SO ORDERED.**

                                                                                                     s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       August 3, 2020